# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
The United States of America by and for the use of S.T. Hudson Engineers, Inc.

### DEFENDANTS
SumCo Eco-Contracting, LLC and NGM Insurance Company

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason A. Copley, Esq. / Cohen Seglias / 1600 Market St. 32nd Fl., Phila, PA 19103 (215) 564-1700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [x] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
40 U.S.C. 3133(b)

Brief description of cause:
Miller Act Claim

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 01/28/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jason A. Copley

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**Note:**

**This Designation Form must be <u>signed</u> before submission to the Clerk's Office *or a case number will not be assigned*.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __900 Dudley Avenue, Cherry Hill, NJ  08002__

Address of Defendant: __4601 Touchton Rd East, Jacksonville, FL 32245; 2 Centennial Dr. Ste. 4D, Peabody, MA 01960__

Place of Accident, Incident or Transaction: __Fairless Hills, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __01/28/2021__  _____  __72774__
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*
1. [✓] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____  *Sign here if applicable* _____  _____
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA by and for the use of S. T. HUDSON ENGINEERS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SUMCO ECO-CONTRACTING, LLC<br><br>and<br><br>NGM INSURANCE COMPANY<br><br>Defendants. | CIVIL ACTION<br><br>No. _____<br><br>**Complaint**<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, S.T. Hudson Engineers, Inc. ("Hudson") individually and by and for the United States of America, through its undersigned counsel hereby files its Complaint against the Defendants SumCo Eco-Contracting, LLC ("SumCo") and NGM Insurance Company ("NGM") (collectively "Defendants"), and in support thereof avers as follows:

I. **INTRODUCTION.**

1. Hudson brings this action to recover damages it has incurred in excess of $80,000 from Defendants resulting from SumCo's breach of its agreement with Hudson for work Hudson performed at the Fairless Hills Turning Basin on the

Delaware River in Fairless Hills, Pennsylvania, and NGM's breach of its related payment bond obligations.

## II. PARTIES.

2. Plaintiff, S.T. Hudson Engineers, Inc., is a Pennsylvania corporation with its principal place of business at 900 Dudley Avenue, Cherry Hill, NJ 08002.

3. Hudson brings this suit in the name of the United States of America in accordance with 40 U.S.C. § 3133(b) of the Miller Act.

4. Upon information and belief, Defendant NGM Insurance Company is a Florida corporation with its principal place of business at 4601 Touchton Rd East, Jacksonville, Florida 32245.

5. Upon information and belief, Defendant SumCo Eco-Contracting, LLC is a Massachusetts limited liability company with its principal place of business at 2 Centennial Drive, Suite 4D. Peabody, MA 01960.

## III. JURISDICTION AND VENUE.

6. The Court has original jurisdiction over Count I of this Complaint because it arises out of federal law, specifically, the Miller Act, 40 U.S.C. §§ 3131-3134, and the Court has supplemental jurisdiction over all other counts and claims under 28 U.S.C. § 1367 because they form part of the same controversy and arise out of a common nucleus of operative facts, specifically SumCo's administration of the Project.

7. This Court has further original jurisdiction under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the Plaintiff and Defendants are residents of different states.

8. This Court has personal jurisdiction over SumCo because it purposefully availed itself of the benefits of doing business in the Commonwealth of Pennsylvania by entering into a contract for work at the Fairless Hills Turning Basin in Fairless Hills, Pennsylvania.

9. This Court has personal jurisdiction over NGM because it purposefully availed itself of the benefits of doing business in the Commonwealth of Pennsylvania by providing a payment bond to SumCo in connection with construction services within Pennsylvania.

10. Venue properly lies in this Court pursuant to 40 U.S.C. § 3133(b)(3)(B), as the worked performed on the Project at issue was performed in the district for this Court.

IV. FACTS.

11. On or about November 25, 2019, Hudson entered into an agreement (the "Agreement") with SumCo, whereby Hudson would perform hydrographic survey work at the Fairless Hills Turning Basin on the Delaware River in Fairless Hills, Pennsylvania (the "Project"). Upon information and belief, Sumco entered

into a prime contract (Contract No W912BU-19-C-0032) with the United States Army Corps of Engineers, Philadelphia District ("USACE") for the Project.

12. The Project required Hudson to perform hydrographic survey work and other incidental work.

13. Under the Agreement, SumCo directed Hudson to use a "single beam" survey method, and provided specific written directions regarding performance of the survey.

14. Hudson confirmed that it would perform the surveys as per SumCo's directions.

15. In total, SumCo directed Hudson to perform twenty-one (21) surveys on the Project, and Hudson performed such surveys for SumCo from November 26, 2019 to January 28, 2020.

16. Hudson and SumCo agreed in writing that Hudson would be paid a daily rate of $3,850.00, which equated to $3,850.00 per survey.

17. Hudson's survey work enabled SumCo to perform and satisfy its own obligations on the Project under its contract with USACE, and upon information and belief, the Project is one hundred percent complete and SumCo has been paid in full.

18. Hudson generated two invoices for the survey work, totaling $84,000.00, and payment was due within thirty (30) days as noted on the invoices.

19. After submission of the invoices, SumCo failed to identify any material deficiencies that would have excused its obligation to make payment to Hudson.

20. Despite Hudson's performance of the survey work and multiple demands from Hudson for payment, SumCo has failed and refused to pay the amounts due and owing to Hudson.

21. All requirements and conditions precedent to Hudson's initiation of this action have been satisfied and/or waived.

## COUNT I
## Breach of Bond Obligation (Miller Act Bond Claim)
*Hudson v. NGM*

22. Hudson hereby incorporates all preceding paragraphs as though fully set forth at length herein.

23. NGM issued Payment Bond No. 324257 with Sumco as principal and the United States of America as obligee (the "Bond") relating to the labor and materials provided by contractors to the Project. A copy of the Bond is attached hereto as Exhibit A.

24. The Bond obligates NGM to satisfy SumCo's payment obligations to Hudson.

25. As a subcontractor of SumCo that performed work on the Project, Hudson is a claimant under the Bond and an intended beneficiary of the Bond.

26. Under the Bond, NGM is obligated, as surety for SumCo, to pay Hudson for all labor and materials that Hudson provided on the Project for SumCo's benefit and that SumCo has failed to pay Hudson.

27. Under 40 U.S.C § 3133(b) of the Miller Act, under which the Bond was furnished, every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under the Act and that has not been paid in full within ninety (90) days after the day on which the person performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought.

28. Over ninety (90) days have passed since Hudson last worked on the Project, and SumCo has not paid Hudson in full for all work performed on the Project.

29. SumCo owes Hudson $84,000.00 for services, labor, equipment, and materials Hudson provided on the Project.

30. Therefore, as a result of SumCo's and NGM's breach of their payment obligations to Hudson, Hudson has suffered damages in excess of $80,000.00.

31. Hudson last performed work on the Project on January 28, 2020, and all payments owed to Hudson are past due and owing.

32. Hudson files this Complaint within one year of the day that Hudson last provided labor and/or materials to the Project.

33. Hudson has satisfied all conditions precedent to commencing an action under the Bond; or NGM and/or SumCo have otherwise waived such conditions.

34. Hudson is entitled to payment from NGM under the Miller Act, 40 U.S.C. § 3133.

**WHEREFORE**, Plaintiff, S.T. Hudson Engineers, Inc., demands that judgment be entered in its favor and against Defendant, NGM Insurance Company, in the amount of $84,000.00, plus interest, cost of suit, and other such relief as this Court deems just, proper, and equitable.

### COUNT II
### Breach of Contract
*Hudson v. SumCo*

35. Hudson hereby incorporates all preceding paragraphs as though fully set forth at length herein.

36. Hudson entered into an Agreement with SumCo on or about November 25, 2019.

37. SumCo materially breached the Agreement by failing to pay Hudson for the work it performed on the Project.

38. To date, SumCo has failed to pay Hudson $84,000.00 for work Hudson performed on the Project pursuant to the Agreement.

39. SumCo' breach of the Agreement directly caused Hudson to incur $84,000.00 in damages.

40. SumCo is liable to Hudson for the damages SumCo caused Hudson to incur.

**WHEREFORE**, Plaintiff, S.T. Hudson Engineers, Inc., demands that judgment be entered in its favor against Defendant, SumCo Eco-Contracting, LLC in the amount of $84,000.00, plus interest, cost of suit, attorney's fees and other such relief as this Court deems just, proper, and equitable.

**COUNT III**
**Unjust Enrichment**
*Hudson v. SumCo*

41. Hudson hereby incorporates all preceding paragraphs as though fully set forth at length herein.

42. SumCo has not compensated Hudson in full for the services, labor, equipment, and materials Hudson provided to the Project.

43. SumCo has been paid for the work Hudson performed.

44. It would be unjust for SumCo to retain the benefit of the services, labor, equipment, and materials supplied by Hudson without compensating Hudson.

45. Hudson has requested, and is entitled to, payment in the amount of $84,000.00 as the fair and reasonable value of the labor, material, services, and

equipment, which Hudson has provided to the Project but for which SumCo has not paid Hudson.

46. SumCo has been unjustly enriched by failing to pay Hudson in full even though SumCo received the benefit of the work and materials that Hudson supplied.

**WHEREFORE**, Plaintiff, S.T. Hudson Engineers, Inc., demands that judgment be entered in its favor against Defendant, SumCo Eco-Contracting, LLC, in the amount of $84,000.00, plus interest, cost of suit, attorney's fees and other such relief as this Court deems just, proper, and equitable.

## COUNT IV
**Quantum Meruit**
*Hudson v. SumCo*

47. Hudson hereby incorporates all preceding paragraphs as though fully set forth at length herein.

48. Hudson provided services, labor, equipment, and materials to SumCo in good faith in performance of the Project.

49. SumCo accepted the services, labor, equipment, and materials provided by Hudson in performance of the Project.

50. At all times Hudson expected and relied upon compensation from SumCo for providing services, labor, equipment, and materials to SumCo in performance under the Agreement.

51. SumCo has failed to compensate Hudson for the reasonable value of the services, labor, equipment, and materials Hudson provided in performance of the Project.

**WHEREFORE**, Plaintiff, S.T. Hudson Engineers, Inc., demands that judgment be entered in its favor against Defendant, SumCo Eco-Contracting, LLC, in the amount of $84,000.00, plus interest, cost of suit, attorney's fees and other such relief as this Court deems just, proper, and equitable.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial in connection with all claims in this action.

Respectfully submitted,

**COHEN, SEGLIAS, PALLAS, GREENHALL, & FURMAN, P.C.**

_____
Jason A. Copley
1600 Market Street, 32nd Floor
Philadelphia, PA 19103
Phone: (215) 564-1700
E-mail: jcopley@cohenseglias.com
*Attorney for Plaintiff,*
*S.T. Hudson Engineers, Inc.*

Date: January 28, 2021

# EXHIBIT A

Bond No. 324257

| **PAYMENT BOND** (See instructions on reverse) | DATE BOND EXECUTED *(Must be same or later than date of contract)* 09/20/2019 | OMB Control Number: 9000-0045 Expiration Date: 8/31/2022 |
|---|---|---|

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 1 hour to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

**PRINCIPAL** *(Legal name and business address)*
SumCo Eco-Contracting, LLC
2 Centennial Drive, Suite 4D
Peabody, MA 01960

**TYPE OF ORGANIZATION** *("X" one)*
☐ INDIVIDUAL   ☐ PARTNERSHIP   ☐ JOINT VENTURE
☒ CORPORATION   ☐ OTHER *(Specify)*
STATE OF INCORPORATION
Massachusetts

**SURETY(IES)** *(Name(s) and business address(es))*
NGM Insurance Company
4601 Touchton Rd East Ste 3400
PO BOX 16000
Jacksonville, FL 32245-6000

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 2 | 071 | 000 | 00 |

| CONTRACT DATE | CONTRACT NUMBER |
|---|---|
| 08/23/2019 | W912BU-19-C-0032 |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

SumCo Eco-Contracting, LLC   **PRINCIPAL**

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| | 1. | 2. | |
|---|---|---|---|
| SIGNATURE(S) | (Seal) | | (Seal) |
| NAME(S) *(Typed)* | 1. | 2. | |

**CORPORATE SURETY(IES)**

| SURETY A | NAME & ADDRESS | NGM Insurance Company 4601 Touchton Rd East Ste 3400 Jacksonville | STATE OF INCORPORATION FL | LIABILITY LIMIT $51,366,000.00 | |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. *[signature]* | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Danielle M. Wilga, Attorney In Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

STANDARD FORM 25A (REV. 8/2016)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

**CORPORATE SURETY(IES)** *(Continued)*

| | | | STATE OF INCORPORATION | LIABILITY LIMIT $ | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | | | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under 40 USC Chapter 31, Subchapter III, Bonds. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitations listed therein. The value put into the LIABILITY LIMIT block is the penal sum (i.e., the face value) of the bond, unless a co-surety arrangement is proposed.

   (b) When multiple corporate sureties are involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identifier corresponding to each of the sureties. Moreover, when co-surety arrangements exist, the parties may allocate their respective limitations of liability under the bonds, provided that the sum total of their liability equal 100% of the bond penal sum.

   (c) When individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

**STANDARD FORM 25A** (REV. 8/2016) **BACK**



**POWER OF ATTORNEY**

**KNOW ALL MEN BY THESE PRESENTS:** That NGM Insurance Company, a Florida corporation having its principal office in the City of Jacksonville, State of Florida, pursuant to Article IV, Section 2 of the By-Laws of said Company, to wit:

> "Article IV, Section 2. The board of directors, the president, any vice president, secretary, or the treasurer shall have the power and authority to appoint attorneys-in-fact and to authorize them to execute on behalf of the company and affix the seal of the company thereto, bonds, recognizances, contracts of indemnity or writings obligatory in the nature of a bond, recognizance or conditional undertaking and to remove any such attorneys-in-fact at any time and revoke the power and authority given to them."

does hereby make, constitute and appoint  **Thomas P Durkin, Danielle M Wilga** --------------------------------------------

its true and lawful Attorneys-in-fact, to make, execute, seal and deliver for and on its behalf, and as its act and deed, bonds, undertakings, recognizances, contracts of indemnity, or other writings obligatory in nature of a bond subject to the following limitation:

1. **No one bond to exceed Ten Million Dollars ($10,000,000.00)**

and to bind NGM Insurance Company thereby as fully and to the same extent as if such instruments were signed by the duly authorized officers of NGM Insurance Company; the acts of said Attorney are hereby ratified and confirmed.

This power of attorney is signed and sealed by facsimile under and by the authority of the following resolution adopted by the Directors of NGM Insurance Company at a meeting duly called and held on the 2nd day of December 1977.

> Voted: That the signature of any officer authorized by the By-Laws and the company seal may be affixed by facsimile to any power of attorney or special power of attorney or certification of either given for the execution of any bond, undertaking, recognizance or other written obligation in the nature thereof; such signature and seal, when so used being hereby adopted by the company as the original signature of such office and the original seal of the company, to be valid and binding upon the company with the same force and effect as though manually affixed.

**IN WITNESS WHEREOF,** NGM Insurance Company has caused these presents to be signed by its Vice President, General Counsel and Secretary and its corporate seal to be hereto affixed this 8th day of January, 2016.

NGM INSURANCE COMPANY By:

Bruce R Fox
Vice President, General
Counsel and Secretary

State of Florida,
County of Duval.

On this January 8, 2016, before the subscriber a Notary Public of State of Florida in and for the County of Duval duly commissioned and qualified, came Bruce R Fox of NGM Insurance Company, to me personally known to be the officer described herein, and who executed the preceding instrument, and he acknowledged the execution of same, and being by me fully sworn, deposed and said that he is an officer of said Company, aforesaid: that the seal affixed to the preceding instrument is the corporate seal of said Company, and the said corporate seal and her signature as officer were duly affixed and subscribed to the said instrument by the authority and direction of the said Company; that Article IV, Section 2 of the By-Laws of said Company is now in force.
IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at Jacksonville, Florida this 8th day of January, 2016.

Tasha Ann Philpot
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF915117
Expires 10/3/2019

I, Nancy Giordano-Ramos, Vice President of NGM Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney executed by said Company which is still in full force and effect.
IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company at Jacksonville, Florida this 20th day of September, 2019.

WARNING: Any unauthorized reproduction or alteration of this document is prohibited.
TO CONFIRM VALIDITY of the attached bond please call 1-800-225-5646.
TO SUBMIT A CLAIM: Send all correspondence to 55 West Street, Keene, NH 03431 Attn: Bond Claims.